**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JPMorgan Chase Bank, | No. CV 04-1397-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| The Tamarack Capital, L.L.C.; et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Attorneys' Fees and Non-taxable Expenses. Doc. #39. For the reasons discussed below, the Court will deny the motion.

**I.   Background**

In 1998, the Tamarak Defendants successfully litigated a suit against Access Healthsource ("Access") for breach of contract and were awarded nearly $1 million in damages ("first federal action"). Plaintiff JPMorgan Chase issued a letter of credit ("LOC") on behalf of Access for the benefit of Defendants as security pending Access's appeal to the Ninth Circuit. On February 24, 2004, the Ninth Circuit affirmed the damage award in favor of Defendants.

While the federal action was on appeal before the Ninth Circuit, a statutory agent of Defendants, Richard Ross, was sued in Texas state court by Plaintiff O.R. Brooker for fraudulent inducement ("Brooker Action"). On January 21, 2000, Brooker obtained a $10 million default judgment. The Texas court entered an order granting relief to the Brooker

1  Plaintiffs on January 7, 2003.  A second order was issued on December 17, 2003 ordering,
2  among other things, that in the event Ross or Tamarak drew on the LOC, JPMorgan was
3  required to "turnover the proceeds of the [LOC] to the registry of the [Texas] Court" to be
4  held in an interest bearing account pending further order from the Texas court.  Doc. #1.

5  On June 10, 2004, Judge Carroll authorized Defendants to draw on the LOC in the
6  amount of $1,107,164.14.  On July 6, 2004, Defendant Tamarak submitted a sight draft to
7  JPMorgan.  On July 8, 2004, JPMorgan tendered a check in the sum of $1,108,032 to the
8  District Clerk of El Paso County, Texas, in compliance with the second Texas court order
9  and simultaneously filed a complaint in this Court ("second federal action") seeking a
10 declaration that its compliance with the Texas order did not constitute a breach of the LOC,
11 wrongful dishonor, or other violation of any of JPMorgan's obligations to any Tamarak
12 Defendants.  Doc. #1.  On March 14, 2005, the Court granted JPMorgan's motion for
13 judgment on the pleadings finding, among other things, that JPMorgan did not breach its
14 contractual obligations under the LOC.  Doc. # 35.

15 JPMorgan now seeks reimbursement of attorneys' fees and related non-taxable
16 expenses pursuant to A.R.S. §47-5111(E) and A.R.S. § 12-341.01(A).  Docs. ##39, 45.

17 **II.    Discussion**

18 **A. Attorneys' Fees pursuant to A.R.S. § 47-5111(E)**

19 JPMorgan asserts that it is statutorily entitled to recover all of its attorneys' fees and
20 other expenses related to the litigation pursuant to A.R.S. § 47-5111(E).  This statute states
21 that "[r]easonable attorney fees and other expenses of litigation must be awarded to the
22 prevailing party in an action in which a remedy is sought under [Chapter 5, Title 47, Letters
23 of Credit]."  A.R.S. § 47-5111(E).  JPMorgan argues that because the Court's March 14, 2005
24 order ruled that it was not in breach of its duties under the LOC, it is the "prevailing party"
25 and therefore mandatorily entitled to attorneys' fees under the statute.  Doc. #45.

26 The plain statutory language of § 47-5111(E) requires the Court to award attorneys
27 fees "to the prevailing party in an action in which *a remedy is sought under this chapter*."
28 A.R.S. § 47-5111(E) (emphasis added).  None of the pleadings or motions filed by the parties

1 sought relief under Chapter Five. None of the dispositive motions filed by the parties 2 referenced § 47-5111 or Chapter Five. JPMorgan cites no legal authority to suggest that it 3 can recover fees under the statute when it failed to seek relief under Chapter 5 of Title 47. 4 Docs. ## 39, 45, 48.

5 Local Rule of Civil Procedure 54.2(c)(2) states that a movant seeking an award of fees 6 "must cite the applicable legal authority supporting such specific request[s]." Because 7 JPMorgan has failed to meet its burden of showing entitlement to fees under § 47-5111(E), 8 its request for attorneys' fees under the statute will be denied.

9 **B. Attorneys' Fees pursuant to A.R.S. § 12-341.01(A)**

10 JPMorgan also cites A.R.S. § 12-341.01(A). Doc. # 39. This statute provides that 11 "the court may award the successful party reasonable attorney fees . . . [i]n any contested 12 action arising out of a contract, express or implied." A.R.S. § 12-341.01(A). The party 13 seeking fees has the burden of proving its entitlement to an award and the reasonableness of 14 its fee request. *See Woerth v. Flagstaff*, 808 P.2d 297, 304 (Ariz. Ct. App. -1990).

15 The Arizona supreme court has enumerated six factors courts must consider when 16 deciding whether to award fees under the statute. *See Velarde v. Pace Membership* 17 *Warehouse Inc.,* 105 F.3d 1313, 1319 (1996); *Assoc. Indem. Corp. v. Warner*, 694 P.2d 18 1181, 1184 (1985). There is no presumption in favor of the prevailing party that requires the 19 trial court to grant attorneys' fees in all contract actions. *See Autenreith v. Norville,* 127 Ariz. 20 442, 444 (1981).

21 In this case, Plaintiff offers no facts in support of its entitlement to an award of 22 attorneys' fees. Plaintiff's motion lists A.R.S. § 12-341.01(A) as a statute under which it 23 seeks fees, but Plaintiff's memorandum mentions the provision only in a footnote and fails 24 to address any of the factors the Court must consider. *See Assoc. Indem. Corp.,* 694 P.2d at 25 1184. Because there is no presumption that the prevailing party in a contract action is 26 entitled to attorneys' fees and Plaintiff has failed to address any facts that would help the 27 Court find in its favor, Plaintiff's motion for attorneys' fees will be denied.

28

1  **IT IS SO ORDERED** Plaintiff's Motion for Award of Attorneys' Fees and Related
2  Non-taxable Expenses (Doc. #39) is **denied**.
3  **IT IS FURTHER ORDERED** that the Clerk of the Court shall terminate this action.
4  Dated this 12th day of October, 2005.

*David G. Campbell*
United States District Judge